DEBORAH YOON JONES (SBN 178127)
ADRIENE PLESCIA LYNCH (SBN 259100)
MICHELLE D. FUERSTMAN (SBN 295007)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone: 213-576-1000
Facsimile: 213-576-1100
E-mail:      debbie.jones@alston.com
             adriene.lynch@alston.com
             michelle.fuerstman@alston.com

Attorneys for Defendant
**BP WEST COAST PRODUCTS LLC**

MIGUEL A. CUSTODIO (SBN 248774)
VINEET DUBEY (SBN 243208)
**CUSTODIO & DUBEY LLP**
766 E. Colorado Boulevard, Suite 108
Pasadena, CA 91101
Telephone: 213-785-2909
Facsimile: 213-785-2899
E-mail:      custodio@cd-lawyers.com
             dubey@cd-lawyers.com

Attorneys for Plaintiff
**ORLANDIS HARDY, JR**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDIS HARDY, JR., an individual,<br><br>              Plaintiff,<br><br>       v.<br><br>BP AMERICA, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>              Defendants. | Case No.: 2:14-cv-5247 PSG(AGRx)<br><br>Honorable Magistrate Judge<br>Alicia G. Rosenberg<br><br>**DISCOVERY MATTER**<br><br>**STIPULATED PROTECTIVE ORDER** |

1. <u>INTRODUCTION</u>

    A.   <u>PURPOSES AND LIMITATIONS</u>

    The purpose of this Order is to limit the disclosure and use of information contained in documents exchanged during the discovery process in the above-captioned case (the "Litigation") that pertain to the parties' trade secrets[1] and confidential research, confidential development or confidential commercial information.  Discovery in this action is likely to involve production of confidential, proprietary, and private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    This Protective Order applies <u>only</u> to the materials or things (including copies, transcriptions, or other reproductions of materials) produced by a party (or other non-parties) in this Litigation pursuant to the discovery provisions of the Federal Rules of Civil Procedure, an order of this Court, or otherwise; and portions of deposition or hearing transcripts discussing or revealing such materials or things; which are in good

---

[1] California Civil Code Section 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

faith designated as "Confidential" or "Confidential/Restricted Access" by the producing or designating party under the terms of this Order.

B.   <u>GOOD CAUSE STATEMENT</u>

The parties anticipate that they will exchange documents and things during the course of this Litigation that contain trade secrets, confidential proprietary information and other confidential research, confidential development or confidential commercial information including pricing strategies, prices not publically available, product formulas, current and prospective customer and/or vendor lists, current and prospective customer personal information, business plans, competitive market analyses, state or location level volume information not available through known public sources, state or location level sales data, costs of sales, and non-public financial statements, accounting information, and tax returns.  If such confidential material were to be disseminated to the public or provided to the parties' competitors, it would harm the producing or designating parties as they contain its respective trade secrets, confidential research and development, and other confidential commercial information, including, but not limited to confidential information concerning the nature of the producing or designating party's businesses and the confidential processes by which it conducts business.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the Litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

[PROPOSED] STIPULATED PROTECTIVE ORDER

2.   <u>DEFINITIONS</u>

2.1   <u>Action</u>: *Orlandis Hardy, Jr. v. BP America, Inc. a Delaware corporation; and DOES 1 through 100, inclusive*, Central District of California Case No. 2:14-cv-5247 PSG(AGRx).

2.2   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>"Confidential" Information, Items, or Materials</u>: any discovery materials produced in this Litigation that contain trade secrets (as defined by California Civil Code Section 3426.1), confidential proprietary information and other confidential research, confidential development or confidential commercial information that is used in one's business that gives one an opportunity to obtain an advantage over competitors who do not know or use it, and other confidential customer personal information.

2.4   <u>"Confidential/Restricted Access" Information, Items, or Materials</u>: any "CONFIDENTIAL" discovery materials produced in this Litigation that is of such a sensitive nature that the documents are to be treated as attorneys-eyes only as defined herein.  Restricted Access shall not generally be applied to materials that are otherwise Confidential, but shall be limited to those documents that pose a particularized competitive harm from disclosure.

2.5   <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Confidential/Restricted Access."

2.7   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11     Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12     Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees, agents and subcontractors.

2.15     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL/RESTRICTED ACCESS."

2.16     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted

4

[PROPOSED] STIPULATED PROTECTIVE ORDER

from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the latter of (1) settlement of all claims and defenses in this Action; (2) dismissal of all claims and defenses in this Action, with or without prejudice; and (3) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information as "Confidential" or "Confidential/Restricted Access" for items for protection under this Order must take care to limit any such designations to specific material that qualifies under the appropriate standards in good faith. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose

1   unnecessary expenses and burdens on other parties) may expose the Designating Party

2   to sanctions.

3        If it comes to a Designating Party's attention that information or items that it

4   designated for protection do not qualify for protection, that Designating Party must

5   promptly notify all other Parties that it is withdrawing the inapplicable designation.

6        5.2    Manner and Timing of Designations.

7        Except as otherwise provided in this Order (see, e.g., second paragraph of

8   section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

9   Material that qualifies for protection under this Order must be clearly so designated

10  before the material is disclosed or produced.

11       Designation in conformity with this Order requires:

12            (a) for information in documentary form (e.g., paper or electronic

13  documents, but excluding transcripts of depositions or other pretrial or trial

14  proceedings), that the Producing Party affix at a minimum, the legend "Confidential"

15  or     "Confidential/Restricted     Access,"     (hereinafter     "Confidential     or

16  Confidential/Restricted Access legend"), to each page that contains protected material

17  (in such manner that will not interfere with the legibility thereof).  If only a portion or

18  portions of the material on a page qualifies for protection, the Producing Party also

19  must clearly identify the protected portion(s) (e.g., by making appropriate markings in

20  the margins).  In lieu of marking the original of a document, if the original is not

21  produced, the Designating Party may mark the copy or copies that are produced or

22  exchanged.

23       A Party or Non-Party that makes original documents available for inspection

24  need not designate them for protection until after the inspecting Party has indicated

25  which documents it would like copied and produced.  During the inspection and

26  before the designation, all of the material made available for inspection shall be

27  deemed "Confidential" or "Confidential/Restricted Access."   After the inspecting

28  Party has identified the documents it wants copied and produced, the Producing Party

1   must determine which documents, or portions thereof, qualify for protection under this

2   Order.  Then, before producing the specified documents, the Producing Party must

3   affix the Confidential or Confidential/Restricted Access legend, to each page that

4   contains Protected Material.  If only a portion or portions of the material on a page

5   qualifies for protection, the Producing Party also must clearly identify the protected

6   portion(s) (e.g., by making appropriate markings in the margins).

7         (b) for testimony given in depositions, that the Designating Party identify

8   the Disclosure or Discovery Material on the record, before the close of the deposition

9   all protected testimony.

10         (c) for information produced in some form other than documentary and

11   for any other tangible items, that the Producing Party affix in a prominent place on the

12   exterior of the container or containers in which the information is stored the legend

13   "Confidential" or "Confidential/Restricted Access."  If only a portion or portions of

14   the information warrants protection, the Producing Party, to the extent practicable,

15   shall identify the protected portion(s).

16         (d) Materials previously produced without being stamped "Confidential"

17   or "Confidential/Restricted Access" may be so designated by written notice from any

18   Party that identifies the materials by Bates number or other specific description.

19      5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

20   failure to designate qualified information or items does not, standing alone, waive the

21   Designating Party's right to secure protection under this Order for such material.

22   Materials previously produced without being stamped "Confidential" or

23   "Confidential/Restricted Access" may be so designated by written notice from any

24   Party that identifies the documents by Bates number or other specific description.

25   Upon timely correction of a designation, the Receiving Party must make reasonable

26   efforts to assure that the material is treated in accordance with the provisions of this

27   Order.

28

5.4    Redacting Confidential or "Confidential/Restricted Access" Material. If all "Confidential" or "Confidential/Restricted Access" Material can be redacted by agreement of the parties from a document designated as "Confidential" or "Confidential/Restricted Access" and the remainder of the document used, said document may be filed with the Court without being placed under seal.  The parties agree to redact the "Confidential" or "Confidential/Restricted Access" Material from any such materials and will, if necessary, present unredacted copies of the same materials to the Court for *in camera* review.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. The Party to whom a discovery request is propounded reserves the right to object to production irrespective of whether the information falls within the designation of "Confidential" or "Confidential/Restricted Access."   A Party may object to a document or testimony being designated as confidential and request a ruling on whether the material or testimony qualifies as "Confidential" or "Confidential/Restricted Access" at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, *et seq*.

6.3    The Party designating the document or testimony as "Confidential" or "Confidential/Restricted Access" has the burden of proving it is appropriately designated.  However, until the Court enters an order that the designated material is not properly designated it shall be afforded the full protections set forth herein. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.   Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party, may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom disclosure is reasonably necessary for this Action;

(b) The Court, provided that such materials are provided in compliance with the Court's procedures for filing materials under seal (see paragraph 12.3 of this Order), personnel of the Court (including personnel in the Clerk's office), deposition stenographers and their staff, and deposition videographers and their staff;

(c) The directors, officers, partners, principals, employees, or agents of the Receiving Party (including House Counsel) who are assisting their respective attorneys in the Litigation and to whom disclosure is reasonably necessary for this Action;

(d) Persons who received the same material in the ordinary course of business outside of this lawsuit;

(e) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(f) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A hereto); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A hereto), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order

(g) Professional Vendors to whom disclosure is reasonably necessary for this Action, subject to the limitations in Paragraph 7 of this Order, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A hereto);

(h) Professional jury or trial consultants, mock jurors to whom disclosure is reasonably necessary for this Action, subject to the limitations in Paragraph 7 of this Order, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A hereto);

(i) Experts to whom disclosure is reasonably necessary for this Action (and their subordinates or assistants), subject to the limitations in Paragraph 7 of this Order, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A hereto);

(j) Individuals whose name appears on the face of the Confidential document as an author or recipient during the course of a deposition, or outside of a deposition so long as they have signed an the "Acknowledgment and Agreement to Be Bound" (Exhibit A hereto) and are not given possession of any Confidential Materials;

(k) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; or

(l) Any other individual with the prior written consent of the Designating Party.

7.3    Disclosure of "CONFIDENTIAL/RESTRICTED ACCESS" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential/Restricted Access," only to:

(a) The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom disclosure is reasonably necessary for this Action, and the Receiving Party's House Counsel;

(b) Current or former employees of the Producing Party during the course of a deposition;

(c) Individuals who are named in the Confidential/Restricted Access materials as an author or recipient during the course of a deposition;

(d) The Court, provided that such materials are provided in compliance with the Court's procedures (see Paragraph of this 12.3 Order); or

(e) Experts to whom disclosure is reasonably necessary for this Action (and their subordinates or assistants), subject to the limitations in Paragraph 7 of this Order, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A hereto).

If Protected Materials are used or referenced at a deposition in this Litigation, the parties may designate those portions of the deposition during which such Protected Materials are discussed as "Confidential" or "Confidential/Restricted Access."  Only individuals that meet the criteria set forth in paragraph 7.2 of this Order shall be present during the discussion of any Confidential Materials, and only individuals that meet the criteria set forth in paragraph 7.3 of this Order shall be present during the

discussion of any Confidential/Restricted Access Materials. The portion of the transcript of any deposition taken in this Litigation which has been designated as Confidential or Confidential/Restricted Access shall be treated as such under the terms of this Protective Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

Nothing in this Order shall prevent a Party from using any otherwise admissible evidence that is designated as "Confidential" or "Confidential/Restricted Access" at any trial or hearing as long as the requirements of this Order are met. In the event that a Party wishes to use any Protected Material in any affidavits, briefs, memoranda of law, or other papers filed in Court in this Litigation after the entry of this Protective Order, the parties acknowledge that this Protective Order creates no entitlement to file confidential information under seal.

Whenever Protected Material is introduced or used at a hearing or other proceeding, excluding trial, the portions of the proceeding that concern such Protected Material shall be conducted under circumstances to ensure that only the appropriate persons specified under Paragraphs 7.2-7.3 of this Protective Order have access to such Protected Materials. Upon the request of any Party, the portions of the transcript of any such proceeding, along with associated exhibits, that concern Protected Materials shall be sealed and kept confidential pursuant to the provisions of this Order.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "Confidential" or "Confidential/Restricted Access," that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" or "Confidential/Restricted Access," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL/RESTRICTED ACCESS."  Such information produced by Non-Parties in connection with this Litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) Make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  Nothing in this Protective Order shall be construed to preclude the Party or Non-Party producing or designating Protected Material from seeking additional protection for such materials or the contents of such materials.  Likewise, nothing in this Protective Order shall prejudice the right of any Party to seek relief from or modification to the requirements of this Order for any purpose deemed sufficient by the Court.  Nothing in this Protective Order shall prejudice any Party's right to object to the production of any materials based upon relevance, privilege or any other grounds.

12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material

under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If the application to file under seal a document designated as Confidential or Confidential/Restricted Access is being made by the non-designating party, then, upon request, the Designating Party must promptly provide the applicant with a legal basis for the confidential designation to include within the application. If opposing counsel, or the person or entity that has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

The Clerk of this Court is directed to maintain under seal all Protected Materials that are submitted to the Court in this Litigation.

12.4 <u>Effect on Court Findings and Court Rules</u>. Nothing in this Protective Order shall be construed to prevent this Court from disclosing any facts relied upon by it in making or rendering any finding, ruling, order, judgment, or decree of whatever description. Nothing in this Protective Order shall, without separate court order, change, amend or circumvent any court rule or local rule.

12.5 <u>Further Orders</u>. The Parties may seek further Orders of Court regarding the use of any Protected Material at trial. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

12.6 <u>Current Employees of a Competitor of BPWCP</u>. To the extent that Orlandis Hardy, Jr. ("Hardy") retains an expert witness who is currently employed by a competitor of BPWCP, Hardy shall provide BPWCP fifteen (15) days advance notice prior to providing that person Protected Materials, as well as sufficient information to enable BPWCP to (1) determine whether it has an objection to such

disclosure and the use of said witness and (2) seek relief from this Court. If BPWCP consents to Hardy's retention of the expert witness or the Court overrules an objection by BPWCP to such retention, and Hardy does not, in fact, retain such expert witness to testify on behalf of Hardy, then BPWCP and its counsel of record in this matter agree not to contact such disclosed expert witness regarding the subject matter of the above-captioned lawsuit. As used in this paragraph, the phrase "employed by" shall mean "provided with a job that pays wages or a salary."

      12.7   <u>Violation of this Order</u>: Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

13.   <u>FINAL DISPOSITION</u>

      Except as to the Protected Material filed with the Court, within 60 days after the final disposition of this Litigation as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed  and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or

constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

As to Protected Material filed with the Court under this Order, once the case is closed, a Party may file an ex parte motion for an order authorizing the Court's destruction of all Protected Material.  Upon such a request, the Court will destroy all Protected Material within sixty (60) days of an order granting the ex parte motion.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  January 14, 2015          CUSTODIO AND DUBEY LLP

By:    /s/Vineet Dubey
       Vineet Dubey
       Miguel A. Custodio, Jr.
       Attorneys for Plaintiff/Class Members

Dated:  January 14, 2015          ALSTON & BIRD LLP

By:    /s/Deborah Yoon Jones
       Deborah Yoon Jones
       Attorneys for Defendant
       BP WEST COAST PRODUCTS LLC

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: February 17, 2015

_____
Honorable Alicia G. Rosenberg
United States Magistrate Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,        [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [insert date] in the case of *Orlandis Hardy, Jr. v. BP America, Inc.*, Case No.: 2:14-cv-5247 PSG(AGRx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint    [print or type full name] of        [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name:

Signature:        _____

[PROPOSED] STIPULATED PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28